

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00182-CV

**IN RE C.R.W.**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2022JUV00387
Honorable Jacqueline Herr-Valdez, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Irene Rios, Justice
                Lori I. Valenzuela, Justice
                Velia J. Meza, Justice

Delivered and Filed: January 29, 2025

AFFIRMED; MOTION TO WITHDRAW DENIED

In an original petition alleging delinquent conduct, C.R.W. was alleged to have engaged in delinquent conduct by committing felony theft in violation of section 31.03(a), (b)(1), (e)(4)(A) of the Texas Penal Code. C.R.W. pled true to the allegation of felony theft. C.R.W. then stipulated to evidence provided by the State, and the State recommended probation. After determining C.R.W. engaged in delinquent conduct for committing felony theft, the juvenile court placed C.R.W. on probation. The State filed multiple motions to modify disposition based on C.R.W.'s continuous violations of probation, including committing additional criminal offenses. In each instance, the juvenile court determined C.R.W. violated the terms of his probation and modified the terms of C.R.W.'s probation.

Finally, the State filed its Fourth Motion to Modify Disposition alleging additional violations of C.R.W.'s probation terms. Following a hearing, the juvenile court signed its corrected order of adjudication and corrected order modifying disposition commitment to the Texas Juvenile Justice Department with an indeterminate sentence, both rendered March 7, 2024, but signed March 19, 2024. C.R.W. appealed.

C.R.W.'s court-appointed appellate attorney has filed a motion to withdraw and a brief in which counsel asserts there are no meritorious issues to raise on appeal. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (holding *Anders* procedures apply to juvenile appeals). The brief meets the applicable requirements. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978). Counsel sent copies of the brief and motion to withdraw to C.R.W. informing him of his right to review the record and file a pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). C.R.W. did not request a copy of the appellate record. C.R.W. was also given time to file his own brief; however, the time for filing such a brief has expired, and no pro se brief has been filed.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, we decline to grant counsel's motion to withdraw. In the context of parental termination appeals, the supreme court has held that the right to counsel extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court emphasized that "[c]ourts have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client." *Id*. According to the court, "[i]f a court of appeals allows an attorney to withdraw, it must provide for the appointment of new counsel to pursue a petition for review." *Id*. In *In re K.A.E.*, 647 S.W.3d 791, 792 (Tex.

App.—San Antonio 2022, no pet.), we held this continued right to counsel applies equally in juvenile appeals. Accordingly, we conclude counsel's obligations to C.R.W. have not yet been discharged. If C.R.W., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 28; *see also In re K.A.E.*, 647 S.W.3d at 793. For these reasons, we deny counsel's motion to withdraw.

We affirm the juvenile court's corrected order of adjudication and corrected order modifying disposition commitment to the Texas Juvenile Justice Department, both rendered March 7, 2024, but signed March 19, 2024.

Irene Rios, Justice